```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Eddie Anderson

   v.                                        Civil No. 14-cv-341-JL

Scott Hudon


## REPORT AND RECOMMENDATION

Before the court is the original complaint (doc. no. 1) and the redacted version thereof (doc. no. 14), a motion to amend the complaint (doc. no. 8) and the redacted version thereof (doc. no. 13), and an addendum to the complaint (doc. no. 11), filed by pro se and in forma pauperis plaintiff Eddie Anderson. This Report and Recommendation supersedes a prior Report and Recommendation (doc. no. 9), issued on October 1, 2014. The matter is here for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

### Preliminary Review Standard

The court may dismiss claims asserted in an inmate's complaint, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails

to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Anderson is in pretrial detention awaiting trial in state court on drug charges. Anderson alleges in the complaint (doc. nos. 1 and 14) and in the complaint addendum (doc. no. 11) that Nashua Police Detective Scott Hudon prepared and filed false police reports, leading to his incarceration. Anderson alleges that the false police reports state that a confidential informant ("CI") had purchased crack cocaine from Anderson in May, June, and July 2013. Anderson further alleges in a proposed complaint amendment (doc. nos. 8 and 13), that Hudon

testified falsely before the grand jury about Anderson. Based on those allegations, Anderson asserts claims for damages against Hudon in his individual and official capacities under 42 U.S.C. § 1983.

## Discussion

I.  False Arrest

In the complaint and complaint addendum (doc. nos. 1, 11, and 14), Anderson asserts that Hudon's false statements in police reports led to Anderson's arrest and incarceration, and that without those statements there would not have been probable cause to arrest Anderson. In general, an arrest is lawful if the police officer has probable cause therefor. Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) (citation omitted). Liberally construed, the pleadings state a claim that Anderson's Fourth Amendment rights were violated by Hudon's actions resulting in the false arrest of Anderson.

II.  Grand Jury

Anderson asserts in the proposed complaint amendment (doc. nos. 8 and 13) that Hudon testified falsely before the grand jury, in violation of Anderson's rights. Hudon, however, is absolutely immune from claims for damages based on his testimony

before the grand jury.  Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012).  Anderson cannot state any claim upon which relief may be granted against Hudon arising out of his allegedly false grand jury testimony, and for that reason, the motion to amend the complaint should be denied.

III. Municipal Liability

Anderson names Hudon as a defendant to his § 1983 claim in Hudon's official capacity as a Nashua Police Department detective.  Neither the complaint (doc. nos. 1 and 14), nor the proposed complaint amendment (doc. nos. 8 and 13), allege any facts suggesting that there was a municipal policy or custom of making false statements in police reports or in grand jury testimony.  Cf.  Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011).  Anderson has thus failed to state any claim for municipal liability upon which relief might be granted, and for that reason, the district judge should dismiss all claims asserted against Hudon in his official capacity

IV.  Stay

This court has authority to stay a civil case when there are related criminal proceedings pending in state court.  See Wallace v. Kato, 549 U.S. 384, 394 (2007).  This case warrants

entry of a stay, in that plaintiff asserts that evidence to support his claims remains in the possession of trial counsel in the criminal case.  Additionally, the possibility remains that rulings in the criminal case could affect the disposition of the false arrest claims.  Accordingly, the district judge should stay this action and require plaintiff to file status reports every ninety days, pending the Superior Court's disposition of Anderson's criminal case, State v. Anderson, No. 226-2013-CR-00546 (N.H. Super. Ct., Hillsborough Cnty., S. Div.).

## Conclusion

For reasons stated herein, the district judge should issue the following order upon approving this Report and Recommendation:

1. The unredacted motion to amend the complaint (doc. no. 8) and the redacted version thereof (doc. no. 13) are both denied.
2. All claims asserted against defendant in his official capacity are dismissed from this case.
3. The case is stayed pending the disposition of State v. Anderson, No. 226-2013-CR-00546 (N.H. Super. Ct., Hillsborough Cnty., S. Div.), in the Superior Court.

4. While the stay is in effect, every ninety days, beginning ninety days from the date of this Order, Anderson shall file a status report in this court, reporting on the status of State v. Anderson, No. 226-2013-CR-00546 (N.H. Super. Ct., Hillsborough Cnty., S. Div.).

5. Within forty-five days of the issuance of a verdict, dismissal of the charges, or other Superior Court order resolving State v. Anderson, No. 226-2013-CR-00546 (N.H. Super. Ct., Hillsborough Cnty., S. Div.), Anderson shall file a motion to lift the stay in this action and a status report, regarding that state criminal case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea Johnstone
United States Magistrate Judge

November 18, 2014
cc: Eddie Anderson, pro se

6